# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

KIMBERLY MCCAMAN,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DC-1221-16-0494-W-1

DATE: February 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kimberly McCaman, Fredericksburg, Virginia, pro se.

Jason B. Myers, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the following reasons, we GRANT the petition for review and AFFIRM the initial decision AS MODIFIED, still DISMISSING the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2        The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that, in retaliation for reporting on October 2, 2014, that classified information was not being appropriately stored, the agency subjected her to a hostile work environment, forced her to take extensive leave, issued a negative annual appraisal, reassigned her to a different work location, issued two letters of counseling, and "stripped" her of her security clearance.  Initial Appeal File (IAF), Tab 1 at 8-9.  OSC closed its inquiry into her complaint and advised her of her right to seek corrective action from the Board.  *Id.* at 8.

¶3        The appellant filed this timely IRA appeal.  IAF, Tab 1.  The administrative judge issued an acknowledgment order and an order to show cause, notifying the appellant of her burden to nonfrivolously allege jurisdiction over her appeal and providing her with an opportunity to respond.  IAF, Tabs 2, 15.  The appellant submitted a response detailing her alleged disclosures and the personnel actions that allegedly resulted.  IAF, Tab 18, Tab 19, Initial Decision (ID) at 1-3.  Among other things, she alleged that she disclosed that management officials were permitting employees to store and dispose of classified information at her workstation over her objections and in violation of Army Regulation (AR) 380-5.[2]  IAF, Tab 1 at 2-3, Tab 18 at 4-5.  The appellant did not provide copies of her OSC complaint or correspondence, despite being notified of her obligation to prove exhaustion.  IAF, Tab 15 at 1-2, Tab 18.

¶4        The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  IAF, Tab 5 at 4; ID at 1, 7.  He found that he could not determine which disclosures

---

[2]  AR 380-5, Army Information Security Program, the current version of which was effective March 25, 2022, develops the Army's policy for the "classification, downgrading, declassification, transmission, transportation, and safeguarding of information requiring protection in the interest of national security."  *See* https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN31725-AR_380-5-000-WEB-1.pdf (last visited February 17, 2023).

the appellant exhausted because she did not specify what she raised to OSC, and OSC's close-out letters only vaguely referenced her disclosures. ID at 5-6. He therefore found that the appellant failed to prove that she exhausted her administrative remedies with OSC before filing her IRA appeal. ID at 6. He also found that the Board lacks jurisdiction over the appellant's allegation that her security clearance was revoked and over her discrimination claims. ID at 6-7.

¶5        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has submitted a response, to which the appellant has replied. PFR File, Tabs 3-4.

## ANALYSIS

¶6        The appellant challenges the administrative judge's finding that the documents she provided below were insufficient to prove that she exhausted her administrative remedies with OSC. PFR File, Tab 1 at 4, Tab 4 at 2. We agree.

¶7        Under 5 U.S.C. § 1214(a)(3), administrative remedies must be exhausted by seeking corrective action from OSC before seeking corrective action from the Board. The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The purpose of the exhaustion requirement is to give OSC the opportunity to take corrective action before involving the Board in the case. *Id.* Thus, Board jurisdiction in an IRA appeal is limited to those issues that have been raised with OSC. *Id.* An appellant, however, may give a more detailed account of the whistleblowing or protected activity before the Board than was given to OSC. *Id.*

¶8        An appellant may demonstrate exhaustion through an initial OSC complaint or correspondence with OSC. *Chambers*, 2022 MSPB 8, ¶ 11. Exhaustion may also be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts

in the Board appeal. *Id.* The appellant must prove exhaustion with OSC by preponderant evidence, not just nonfrivolous allegations. *Id.*

¶9 The correspondence OSC sent to the appellant closing its file and informing her of her right to seek corrective action with the Board is sufficiently reliable evidence establishing that the appellant raised before OSC her October 2, 2014 disclosure regarding the improper storage of classified material and the various personnel actions set forth above that she claimed were taken in reprisal for that disclosure. She therefore gave OSC a sufficient basis to pursue an investigation of those claims. Any failure by the appellant to submit to the Board her OSC complaint or other correspondence she sent to OSC does not detract from the evidence showing that she gave OSC a sufficient basis to pursue an investigation. The fact that she gave a more detailed account of her claims before the Board does not mean that she did not exhaust her remedy with OSC. *See Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001) (holding that, when the appellant exhausted with OSC "the core" of her retaliation claim, she exhausted her remedies before OSC notwithstanding her more detailed account of those activities before the Board).[3]

¶10 If an appellant has exhausted her administrative remedies before OSC, she can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Chambers*, 2022 MSPB 8, ¶ 14. To satisfy the

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). We find the *Briley* decision persuasive under the circumstances of this case.

contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Id.* One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.*, ¶ 15. If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant. *Id.*

¶11        Here, we find that the appellant made a nonfrivolous allegation that she reasonably believed her disclosure regarding the storage of classified information evidenced a violation of law, rule, or regulation. Nevertheless, a review of her pleadings does not establish that she made a nonfrivolous allegation that her disclosure was a contributing factor in any of the alleged personnel actions. IAF, Tab 1 at 2-7, Tab 18 at 1-13. In this regard, she has not made a nonfrivolous allegation that any of the officials with knowledge of her disclosure took or influenced the taking of the alleged personnel actions. Although some of the appellant's filings relating to an equal employment opportunity (EEO) complaint suggest that one of the individuals to whom she made her disclosure played a part in her letters of counseling, IAF, Tab 6 at 35, 39-40, the Board has held that a letter of counseling generally is not a personnel action, *see Special Counsel v. Spears*, 75 M.S.P.R. 639, 670 (1997); *see also Mohammed v. Department of the*

*Army*, 780 F. App'x 870, 875-76 (Fed. Cir. 2019).[4]   We further find that the appellant's pleadings do not establish a nonfrivolous allegation that she met the contributing factor element through other evidence, such as the strength or weakness of the reasons for the actions, whether the disclosure was personally directed at the acting officials, and whether those officials had a desire or motive to retaliate.

¶12        The appellant alleges that the administrative judge failed to make special accommodations for her as a pro se litigant, rejected documents pertinent to her case, and erred by making findings concerning her security clearance revocation. PFR File, Tab 1 at 4.  We find that these arguments provide no basis for finding that the Board has jurisdiction over this appeal.[5]  *See Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 17 (2009) (holding that an administrative judge must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include his conclusions of law and legal reasoning); 5 C.F.R. § 1201.111(b)(1)-(2).

¶13        Accordingly, we deny the petition for review and affirm, as modified, the initial decision dismissing the appellant's IRA appeal for lack of jurisdiction.

---

[4] The Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive, as we do here.  *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

[5] The appellant also alleged that she filed an EEO complaint because she was being discriminated against.  IAF, Tab 1 at 3-6.  The Board lacks the authority to decide the merits of her allegations of prohibited discrimination, as those underlying personnel actions do not provide an independent basis for Board jurisdiction.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices are not independent sources of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  Furthermore, the Whistleblower Protection Enhancement Act of 2012 did not extend the Board's jurisdiction over IRA appeals to an employee's own EEO complaints if, as here, she did not allege reprisal for whistleblowing in the EEO process.  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013); PFR File, Tab 1 at 4; IAF, Tab 18 at 4.  Thus, we discern no error with the administrative judge's finding that the Board lacks jurisdiction over these claims.  ID at 7.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.